IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA**,

    Plaintiff,

    vs.                                                                 14-CR-4067 JAP

**SAMUEL SILVA**,

    Defendant.

## MEMORANDUM OPINION AND ORDER

On July 1, 2014, Albuquerque Police Department Detective David Nix collected a buccal swab from Defendant Samuel Silva in accordance with a state-issued search warrant. In DEFENDANT'S MOTION TO SUPPRESS THE BUCCAL SWAB OF HIS DNA (Doc. No. 28), Defendant moves to exclude this swab from evidence. Defendant does not challenge the validity of the warrant, but argues that the Court should suppress the swab because Detective Nix violated Federal Rule of Criminal Procedure 41 by failing to provide Defendant with a copy of the search warrant. *See generally id.* On December 15, 2015, the Court held a hearing on Defendant's motion. DECEMBER 15, 2015 CLERK'S MINUTES (Doc. No. 52). At this hearing, Jacob Wishard represented the United States of America; Devon Fooks and Brian Pori represented Defendant, who was present. Both Defendant and Detective Nix testified regarding the July 1, 2014 collection of Defendant's buccal swab.

Detective Nix, who the Court believes was a credible witness, testified that on July 1, 2014 he first contacted Defendant in an interview room at the main police station. Detective Nix stated that he briefed Defendant on the pending charges, informed Defendant that he possessed a warrant to collect Defendant's buccal swab, and provided Defendant with a copy of the warrant. According to Detective Nix, after Defendant thumbed through the warrant, Detective Nix

collected Defendant's DNA sample with Defendant's cooperation. Detective Nix explained that he created an audio recording of the encounter and attempted to create a video recording, but was unable to open the video files prior to the hearing. Upon taking the stand, Defendant largely agreed with Detective Nix's description of the interaction and acknowledged that Detective Nix had verbally told him about the warrant. Defendant, however, attested that Detective Nix never showed him a copy of the warrant. After listening to both witnesses, the Court asked that the United States see if an Albuquerque Police Department expert could recover the video recording of the disputed events. The parties agreed to submit the video recording to the Court if possible.

Later that day, at 3:48 p.m., Defendant filed DEFENDANT'S NOTICE OF WITHDRAWAL OF THE MOTION TO SUPPRESS THE BUCCAL SWAB OF HIS DNA (Doc. No. 50) retracting his motion to suppress "in light of discovery provided this date." On December 17, 2015, at the Court's request, Defense counsel submitted a copy of the video recording to the Court for review. The video recording, which shows Defendant reading the top page of the warrant, irrefutably contradicts Defendant's sworn testimony. Based on the testimony and the recording, the Court makes the following findings of fact:

(1) Members of the Albuquerque Police Department arrested Defendant on July 1, 2014.

(2) Shortly after the arrest, Detective Nix obtained a state-issued search warrant to collect a buccal swab of Defendant's DNA.

(3) Detective Nix met with Defendant the afternoon of July 1, 2014 to execute the warrant.

(4) During this meeting, Detective Nix informed Defendant that he had obtained a warrant for a buccal swab. Detective Nix showed Defendant a copy of this warrant and promised to provide Defendant with a copy of the warrant that Defendant could

retain. After reading the first page of the warrant, Defendant cooperated in providing Detective Nix with a buccal swab of his DNA.

Based on these findings, the parties agree that the Court must deny Defendant's motion to suppress. In light of the video recording, Defendant no longer contends that Detective Nix violated Rule 41's requirement that the officer executing the warrant give a copy of the warrant to the person being searched.

The Court will also deny Defendant's motion to suppress on the alternative ground that Rule 41 does not govern Detective Nix's execution of the state-issued search warrant. It is well-settled that Rule 41 does not apply to state warrants. "Rule 41 applies only when federal officers are directly involved in carrying out the search itself and in taking immediate custody of the fruits of the search, or if from the beginning it was assumed a federal prosecution would result." *United States v. Pulliam*, 748 F.3d 967, 974 (10th Cir. 2014) (internal citations omitted). Here, Detective Nix, a state official, instigated and conducted the challenged DNA search. Defendant has not produced any evidence that federal officials requested the search, took immediate custody of the fruits of the search, or were otherwise involved in the investigation at the time the swab was acquired. To the contrary, Detective Nix testified that he had no knowledge of any federal involvement in the investigation at the time he served the buccal swab warrant. Given this testimony, the Court finds that Detective Nix was not required to comply with the requirements of Rule 41. The Court also rejects Defendant's argument that the Court should suppress the buccal swab under the corresponding New Mexico state rule of criminal procedure. Defendant has not cited to any authority indicating that the Court may suppress constitutionally obtained evidence to remedy a violation of a state rule of criminal procedure. In the absence of such authority, the Court declines to limit the introduction of relevant evidence.

IT IS ORDERED that DEFENDANT'S MOTION TO SUPPRESS THE BUCCAL SWAB OF HIS DNA (Doc. No. 28) is DENIED.

_____
SENIOR UNITED STATES DISTRICT JUDGE