IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA**,

    Plaintiff,

    vs.                                                         14-CR-4067 JAP

**SAMUEL SILVA**,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

On December 3, 2014, a grand jury returned a six count indictment charging Defendant Samuel Silva with attempted carjacking, carjacking, using a firearm during a crime of violence, and illegal possession of a firearm. *See* REDACTED INDICTMENT (Doc. No. 2). In DEFENDANT'S MOTION TO DISMISS COUNTS ONE AND TWO OF THE GRAND JURY INDICTMENT (Doc. No. 54), Defendant maintains that the Court must dismiss the counts charging him with attempted carjacking (Count 1) and using a firearm during an attempted carjacking (Count 2) because the United States cannot present sufficient evidence to prove either Count. The United States opposes the motion on procedural grounds. *See* UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO DISMISS COUNTS ONE AND TWO OF THE INDICTMENT (Doc. No. 65) (Response). In its two-page Response, the United States first notes that Defendant originally described his motion as akin to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). The United States then argues that the Court should dismiss Defendant's motion "as moot" because "there is no basis in federal criminal procedure for" dismissing an indictment for failing to state a claim for relief. *Id.* at 2.

On January 25, 2016, Defendant filed DEFENDANT'S REPLY TO THE GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS COUNTS ONE AND TWO (Doc. No. 76) indicating that Defendant would not be submitting any additional argument in support of his motion to dismiss. Defendant explained that the motion was ready for the Court's resolution "without the need for any hearing or presentation of evidence." *Id.* at 1. For the reasons discussed below, the Court will deny Defendant's Motion.

## ANALYSIS

The United States is correct that significant differences exist between the rules of civil and criminal procedure. "[U]nlike their civil counterparts, criminal proceedings have no extensive discovery and summary judgment procedures requiring both sides to lay their evidentiary cards on the table." *United States v. Pope*, 613 F.3d 1255, 1259-1260 (10th Cir. 2010). In short, there is no criminal parallel to civil summary judgment proceedings. *See id.* at 1261. As a result, a defendant generally may not challenge "the strength or weakness of the government's case, or the sufficiency of the government's evidence to support a charge . . . by a pretrial motion." *United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994). This rule holds whether the defendant frames his evidentiary challenge as a challenge to the government's proposed trial evidence or a challenge to the sufficiency of the evidence submitted to the grand jury. *See United States v. Thomas*, 632 F.2d 837, 846 (10th Cir. 1980) ("the accused will not be heard to challenge the competency [or adequacy] of evidence before a grand jury."). In most cases, "[a]n indictment returned by a legally constituted and unbiased grand jury, . . . if valid on its face, is enough to call for trial of the charge on the merits" *Id.*

The United States is wrong, however, to suggest that no criminal counterpart to Fed. R. Civ. P. 12(b)(6) exists to test the legal sufficiency of the prosecution's case. Federal Rule of

Criminal Procedure 12(b) provides that a defendant may "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." The Tenth Circuit has long interpreted this rule as allowing a court to ask "whether the allegations in the indictment, if true, are sufficient to establish a violation of the charged offence and dismiss the indictment if its allegations fail that standard." *Pope*, 613 F.3d at 1260. In other words, a court may entertain a motion to dismiss an indictment if the motion presents a pure question of law. *Id.*

Here, it is possible to construe Defendant's motion as a motion to dismiss the indictment under Fed. R. Crim. P. 12(b). Defendant originally argued that "the undisputed allegations in support of [Counts 1 and 2] are manifestly insufficient to sustain a conviction for the charged offenses." Motion at 1. The problem is that Defendant never pursued or substantiated this obviously flawed argument. For these reasons, the Court will treat it as abandoned. Moreover, to the extent Defendant is contending that the Court should dismiss the indictment as facially insufficient, this argument does not hold water. Nothing in the face of the indictment reveals a legal flaw in the United States' prosecution.

The true thrust of Defendant's motion is that the United States' evidence is not sufficient to support the first two charges.[1] To support his position, Defendant relies heavily on evidence outside the four corners of the indictment. As a result, it is clear that Defendant's motion falls beyond the normal scope of Fed. R. Crim. P. 12(b) and should be denied. *See United States v. Redcorn*, 528 F.3d 727, 733 (10th Cir. 2008) "[A] challenge to the indictment is not a vehicle for testing the government's evidence. Rather, an indictment should be tested solely on the basis of the allegations made on its face, and such allegations are to be taken as true.") (internal citations

---

[1] Given this thrust, the United States construes Defendant's motion as a premature motion for a directed verdict under Federal Rule of Criminal Procedure 29. Response at 2. Defendant, however, does not adopt this position and any motion under Rule 29 would be precipitate; the earliest a defendant may move for a directed verdict is after "the government closes its evidence." FED. R. CIV. P. 29. Hence, the Court will analyze Defendant's motion, per its title, as a pretrial motion to dismiss the indictment under Rule 12(b).

omitted); *United States v. Todd*, 446 F.3d 1062, 1068 (10th Cir. 2006) ("On a motion to dismiss an indictment, the question is not whether the government has presented sufficient evidence to support the charge, but solely whether the allegations in the indictment, if true, are sufficient to establish a violation of the charged offense.").

In the interests of providing a full picture of the law, the Court notes that a district court may, in limited circumstances, entertain a motion to dismiss that requires the court to consider information not contained in the indictment.

> In limited circumstances, . . . a district court may dismiss charges at the pretrial stage . . . where the operative facts are undisputed and the government fails to object to the district court's consideration of those undisputed facts in making the determination regarding a submissible case. Pretrial dismissal based on undisputed facts is a determination that as a matter of law, the government is incapable of proving its case beyond a reasonable doubt. Dismissal in this manner is the rare exception, not the rule. Dismissals under this exception are not made on account of a lack of evidence to support the government's case, but because undisputed evidence shows that, as a matter of law, the Defendant could not have committed the offense for which he was indicted.

*Todd*, 446 F.3d at 1067. Defendant, however, has not asked the Court to hear evidence under this narrow exception. Even if he had, the Court would deny the request. The Tenth Circuit has repeatedly made clear that such motions are disfavored. Before a court may hear such a motion, "the extra-indictment evidence thus must be undisputed in the sense that it is agreed to by the parties -- neither side having expressed any objection to its consideration or any objection to its completeness and accuracy." *Pope*, 613 F.3d at 1261. Here, the United States has lodged a procedural objection to the Court hearing or granting Defendant's motion. In light of this objection, the Court will not consider Defendant's arguments about the strength of the extra-indictment evidence to be submitted at trial.

IT IS THEREFORE ORDERED that DEFENDANT'S MOTION TO DISMISS COUNTS ONE AND TWO OF THE GRAND JURY INDICTMENT (Doc. No. 54) is DENIED.

_____
SENIOR UNITED STATES DISTRICT JUDGE