IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA**,

    Plaintiff,

    vs.                                                                                                   14-CR-4067 JAP

**SAMUEL SILVA**,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

On December 3, 2014, a grand jury returned a six count indictment charging Defendant Samuel Silva with, among other things, being a felon in illegal possession of a firearm. *See* REDACTED INDICTMENT (Doc. No. 2). In DEFENDANT'S MOTION TO EXCLUDE PREJUDICIAL EVIDENCE OF HIS PRIOR FELONY CONVICTIONS (Doc. No. 47), Defendant asks the Court to "prevent the jury from learning that he is a felon." *Id.* at 1-2. Defendant acknowledges that his felony status is "an essential element of the crime," but maintains that "there is an unacceptable risk that, as soon as the Indictment discloses [Defendant's] status as a felon, the jury will immediately begin to draw adverse inferences about [Defendant's] character which could lead them to a snap judgement [sic] that [Defendant] is an evil man who is probably guilty." *Id.* at 5-6. Defendant proposes to obviate this potential prejudice by agreeing to stipulate that he is a convicted felon and have the Court instruct the jury, without referring to Defendant's felony status, that Defendant is a "prohibited person." *Id.* at 2.

The United States opposes Defendant's Motion in reliance on *United States v. Prieto*, 565 F. App'x 758, 763 (10th Cir. 2014). *See* UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO EXCLUDE PREJUDICIAL EVIDENCE OF HIS PRIOR CONVICTIONS (Doc.

No. 78). Like the present case, *Prieto* involved a defendant charged with being a felon in possession. Before trial, this defendant stipulated that he was a felon. Given this stipulation, the defendant opposed the admission of testimony from other witnesses regarding his felony status. *Id.* at 763. The Court of Appeals held that Supreme Court precedent did not require this result. It explained that the court could not prevent "the government from establishing one of the elements of the crime - a prior conviction." *Id.*

On February 3, 2016, the Court held a hearing on Defendant's motion to exclude evidence of his felony convictions and his outstanding motion to suppress. *See* CLERK'S MINUTES (Doc. No. 79). At the hearing, Jacob Wishard and Nicholas Ganjei represented the United States; Brian Pori and Devon Fooks represented Defendant, who was present. Mr. Pori briefly summarized Defendant's arguments from the motion to exclude. Mr. Pori admitted, as Defendant did in the briefing, that the Court might be inclined to deny Defendant's motion in accordance with *Prieto*. After considering Defendant's argument, the Court explained that it planned on using the Tenth Circuit's pattern jury instruction, which requires the jury to find that Defendant was a convicted felon. The Court thereby indicated its intent to deny Defendant's motion to exclude, which lacks merit under Tenth Circuit law. *See Prieto*, 565 F. App'x at 763.

IT IS THEREFORE ORDERED that DEFENDANT'S MOTION TO EXCLUDE PREJUDICIAL EVIDENCE OF HIS PRIOR FELONY CONVICTIONS (Doc. No. 47) is DENIED.

_____
SENIOR UNITED STATES DISTRICT JUDGE